Filed 10/10/14  In re F.L. CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re F.L., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>F.L.,<br><br>        Defendant and Appellant. | A141531<br><br>(Contra Costa County<br>Super. Ct. No. J1100280) |

F.L. appeals from a dispositional order committing him to the Orin Allen Youth Rehabilitation Facility (OAYRF) after he admitted violating the terms of his juvenile court probation.  (Welf. & Inst. Code, § 777.)  His court-appointed counsel has filed a brief raising no issues, but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We find no arguable issues and affirm.

## I.  BACKGROUND

The district attorney filed an amended juvenile wardship petition alleging appellant had committed the crimes of petty theft, residential burglary and receiving stolen property.  (Welf. & Inst. Code, § 602, subd. (a); Pen. Code, §§ 484, 488, 459, 460, subd. (a), 496, subd. (a).)  Appellant entered a no contest plea to the receiving stolen

1

property count in exchange for dismissal of the remaining charges, and was placed on probation conditioned on a six-month commitment to OAYRF.

Appellant's probation was violated several times: twice for fighting with other residents of OAYRF, once for failing to appear in court for a scheduled parole review after his initial release from OAYRF, and once for making an inappropriate sexual comment to a female staff member at OAYRF. His commitment at OAYRF was extended a total of 150 days for these violations.

After appellant's commitment to OAYRF had expired and he returned home, his probation officer filed a notice of probation violation alleging appellant had failed to attend school regularly and had tested positive for THC.[1] Appellant did not appear for the scheduled probation violation hearing, and a bench warrant issued for his arrest. After being advised of his rights with respect to a hearing on the probation violation, appellant admitted the violation.

Appellant wrote a letter to the court indicating he did not want to return to OAYRF because he had done poorly in his prior placements there and wanted to live in a group home instead. He did not want the court to consider a home placement, even with ankle bracelet monitoring. The probation officer advised the court that publicly funded group home placements would not be available given that appellant was almost 18 years old. Although the court continued the dispositional hearing to allow for exploration of other alternatives, none were found in light of appellant's age and "the fact that he's not presenting with any significant problem" that might warrant residential treatment. In light of its limited options, the court committed appellant to OAYRF for another six months.

## II. DISCUSSION

As required by *People v. Kelly* (2006) 40 Cal.4th 106, 124, we affirmatively note appointed counsel has filed a *Wende/Anders* brief raising no issues and appellant, having been advised of his right to file a supplemental brief, has not filed one. A minor in a

---

[1] Tetrahydrocannabinol, the active ingredient in marijuana. (*In re I.G.* (2014) 226 Cal.App.4th 380, 383.)

juvenile wardship case is entitled to *Wende* review. (*In re Kevin S.* (2003) 113 Cal.App.4th 97, 119.) We have independently reviewed the entire record for potential error and find none.

A juvenile court "has broad discretion to choose probation and/or various forms of custodial confinement in order to hold juveniles accountable for their behavior, and to protect the public." (*In re Eddie M.* (2003) 31 Cal.4th 480, 507.) Appellant has not demonstrated the court abused its discretion in committing him to OAYRF when even he seemed to agree home placement was inappropriate and he did not suggest any alternative placements that would have accepted him. Appellant's commitments to OAYRF did not exceed the maximum allowable time of physical confinement for his violation of Penal Code section 496, subdivision (a), which carries a three-year upper term. (Welf. & Inst. Code, § 726, subd. (d) & former subd. (c) (Stats. 2011, ch. 471, § 5) [minor "may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the court"]; Pen. Code, §§ 18, subd. (a), 1170, subd. (h)(1).)

We are satisfied appellant's appointed attorney has fully complied with the responsibilities of appellate counsel and that no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 283.)

## III. DISPOSITION

The judgment (dispositional order committing appellant to OAYRF) is affirmed.

3

_____

NEEDHAM, J.

We concur.

_____

JONES, P. J.

_____

BRUINIERS, J.